STEPHEN M. JONES *vs.* R. D. SPENCER and others.

April Term, 1877.

IMPERTINENCE IN PLEADING—WAIVER.—A bill cannot be referred for impertinence after answer, nor even after submitting to answer as by praying time; and, therefore, a motion to take exhibits to a bill from the file for impertinency, made more than four years after the filing of the bill, is entirely too late.

IMPERTINENCE IN EVIDENCE—TIME OF MAKING OBJECTIONS.—Objections to evidence on the ground of impertinence can only be made at the hearing of the cause.

*Henderson,* for complainant.
*Helms,* for defendants.

THE CHANCELLOR:—The defendant Spencer has moved the court to take from the files certain exhibits to the complainant's bill, and certain records and decrees filed in evidence, upon the ground that they are irrelevant, impertiment, and prolix.

The defendant Spencer filed his answer in this case on the 9th of April, 1873, more than four years ago. His motion now made, more than four year afterwards, to take exhibits to the bill from the files for impertinency comes entirely too late. The exhibits form a part of the bill, and it is well settled that a bill cannot be referred for impertinence after answer, nor even after submitting to answer as by praying time. *Anonymous,* 2 Ves. 631; *Ferrar* v. *Ferrar,* 1 Dick. 173; *Anonymous,* 5 Ves. 656. It seems to be otherwise as to scandal, though even as to such matter the exception has been doubted. *Abergavenny* v. *Abergavenny,* 2 P. W. 311. And the rule itself is universally admitted. *Erskine* v. *Gartshore,* 18 Ves. 114.

In *Horsey* v. *Horsey,* cited in *Cocks* v. *Worthington,* 2 Atk. 236, Lord Macclesfield, in May, 1724, entertained and acted upon a motion to refer depositions for impertinence. And, in *Cocks* v. *Worthington,* Lord Hardwicke, although he doubted as to reference for impertinence alone, yet followed the precedent where the depositions were both scandalous and impertinent. In *Pyncent* v. *Pyncent,* 3 Atk. 557, where the objection was for impertinence alone, Lord Hardwicke expressly ordered the question to stand over until the hearing of the cause. Lord Eldon acted upon this latter ruling in *White* v. *Fussell,* 19 Ves. 113, and again emphatically in *Osmond* v. *Tindall,* Jac. 625. "It seems to me," he said in the last case, "that if interrogatories and depositions are to be referred for impertinence, it is absolutely necessary that, before deciding that question, the whole cause should be understood from beginning

to end. It was on this ground, I think, that Lord Hard-wicke went in leaving the question of impertinence. till the hearing, though he would strike out scandal, as that affects. character; but impertinence only affects the purse, and the court may afterwards set that right." His lordship there-fore discharged the order, with liberty to make any motion on the subject at the hearing.

The reasoning on which this ruling is made to rest is. literally unanswerable. The exact relevancy of testimony cannot be seen very often until the cause comes to be closely scrutinized on its merits. And to try every case as often as counsel might think any testimony taken in it was irrele-vant, would be simply intolerable. The motion must be; disallowed.